UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAWRENCE A. KELLY III,

    Plaintiff,

v.                                     CASE NO: 8:07-cv-0028-T-23EAJ

JOY CURRIE, M.A.., MARGARITA
COCKER, and BARRY M. BARKER,

    Defendants.
_____/

## **ORDER**

The plaintiff files an "emergency petition for writ of mandamus" (Doc. 1) and a "supplemental petition for writ of mandamus" (Doc. 2) seeking an order directing the defendants (1) to release the plaintiff's vocational rehabilitation and education benefits from the Department of Veterans Affairs (the "VA") to pay the plaintiff's tuition at St. Petersburg College, (2) to show cause in writing for imposing an "Extended Evaluation Plan" pursuant to Title 38, Part 21 of the Code of Federal Regulations, (3) to comply with the governing federal regulations and the VA's internal policies and procedures, and (4) to disburse benefits allegedly due and owing to the plaintiff for his "college subsistence allowance." The plaintiff seeks (Doc. 5) an evidentiary hearing to "try and find further facts and issues of law involved in this matter." The plaintiff notifies (Doc. 6) the court of his intent to pursue additional avenues of relief in the near future, including a "Petition for Declaratory Judgment, Motion for Temporary Restraining Order, Motion for Preliminary and Permanent Injunction, and, finally, a lengthy Civil Complaint

sounding in Constitutional Torts, and/or Criminal Civil Rights violations, and/or Bivens Causes of Action, and/or Federal Tort Claims Act violations, Mass Torts, and/or other Substantive Causes of Action."

The plaintiff's request for relief derives from conduct by the defendants related to benefits decisions.  38 U.S.C. § 511, as amended by the Veterans Judicial Review Act of 1988, prohibits review of any benefits decision "by any court, whether by an action in the nature of mandamus or otherwise."  See In re Russell, 155 F.3d 1012, 1012 (8th Cir. 1998) (explaining proper procedure for review of VA benefits decisions).  Alleging the deprivation of a property interest in the benefit fails to trigger judicial review. Durant v. United States, 749 F.2d 1554, 1554 (11th Cir. 1985); Cheves v. Department of Veterans Affairs, 227 F. Supp. 2d 1237, 1242-43 (M.D. Fla. 2002) (discussing the common belief among the circuits that federal courts may not review constitutional challenges to VA benefits decisions.)

Accordingly, both the petitions (Docs. 1, 2) for writs of mandamus and the motion (Doc. 5) for further findings of fact and conclusions of law are **DENIED**.  The motion (Doc. 3) to proceed *in forma pauperis* is **DENIED AS MOOT**.  The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on January 5, 2007.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc: US Magistrate Judge
Courtroom Deputy